(10 Misc. Rep. 298.)

## In re TRAVIS' ESTATE.

(Surrogate's Court, Westchester County. November, 1894.)

WILLS—COMPELLING PAYMENT OF LEGACIES.

Where a will effects an equitable conversion of land, and the debts and legacies do not exceed the value of the estate, the surrogate has power to direct the executors to pay interest on legacies bequeathed to infant legatees, though the result of the direction is to compel a sale of the realty.

Application by Charles E. Travis, general guardian, to compel the executors of the will of Bernard Travis, deceased, to pay interest on legacies to certain infants, the income of which was directed to be applied to their support. The value of the estate was $40,000, and the amount of debts and legacies was $38,000. After the will had been admitted to probate, title to a portion of the real estate was acquired by the city of New York for the purposes of the new aqueduct, but the value of the portion so taken is still undetermined.

Pratt & Thompson, for petitioner.
Joseph C. Crane, opposed.

COFFIN, S. It is well settled that a surrogate has no power, in a case like this, to compel the executors to sell the real estate; but he may, in a proper case, decree payment of a legacy, and thus, perhaps, indirectly and legitimately coerce a sale, where the strictly personal property is insufficient for the purpose. The legacies in question are due, and the legatees are entitled to them; and the decree prayed for should be granted, if there is "money or other personal property" which may be so applied without seriously affecting the rights of others entitled to priority or equality of payment. There can be no doubt that the will of the testator effected an equitable conversion of his land into money (Gilb. Lex Pr. 243), and it must be treated as money. See, also, 2 Story, Eq. Jur. p. 98, § 790. It seems to be conceded that the estate is of the value of $40,000, all of which must be treated as money in the hands of the executors, while the amount of debts and legacies is about $38,000, thus demonstrating that the decree for payment may be granted without seriously affecting the rights of any others interested in the estate. These grandchildren are minors, and justice requires that they should be paid. A portion of the real estate was not taken by the city of New York, and still remains unsold by the executors. Precisely when the city became the owner of the other portion does not appear, but my impression is that a considerable period intervened between the time when the executors assumed the duties of their trust and the obtaining of the title by the city, during which the whole of the realty might have been sold. However this may be, the legacies should be paid. Decreed accordingly.